KEITH H. RUTMAN (CSB 14175)
402 West Broadway, Ste 1560
San Diego, California 92101-8534
Telephone: (619) 237-9072
Facsimile: (760) 454-4372
E-mail: krutman@krutmanlaw.com

Attorney for Defendant
JACOB DOMINIC ENRIQUEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Hon. Cathy Ann Bencivengo)

| UNITED STATES OF AMERICA, | ) | Case No. 3:24-CR-1330-CAB |
|---|---|---|
| Plaintiff, | ) | DEFENDANT'S SENTENCING MEMORANDUM AND LETTERS |
| v. | ) | |
| JACOB DOMINIC ENRIQUEZ, | ) | |
| Defendant. | ) | DATE: 1/31/25 @ 9:00 am COURTROOM 5B |

Defendant JACOB DOMINIC ENRIQUEZ, by and through his attorney, KEITH H. RUTMAN, hereby submits a number of character reference letters to the Court in anticipation of his upcoming sentencing hearing.

Defendant requests that the Court impose time served, which will have been 253 days as of the time of sentencing. This sentence is more than sufficient to satisfy the 3553(a) factors. This would be followed by a period of 90 days home confinement (as opposed to an RRC) and immediate participation in mental health treatment. The defense has contacted the services of Imperial County Behavioral Health to have an assessment conducted[1] so that he may begin mental health treatment[2] immediately

---

[1] See attached. If he should still be in custody on the scheduled date, it will be rescheduled.

[2] He received no mental health counseling in either El Centro GEO or WRDF while there from the date of his

1

upon release from custody (whether that be to home confinement or an RRC).

The defense incorporates the analysis set forth in the confidential mental health assessment conducted by Dr. Nicholas Badre, MD, a board certified psychiatrist.

The defense has no objections to the PSR with the exception of para. 84, wherein his father stated to the reporting officer that " just the day prior to speaking with the undersigned (December 17, 2024), he spoke to ENRIQUEZ on the phone, and ENRIQUEZ stated that this whole case was a conspiracy against him by the FBI and that the FBI was going to assassinate him (ENRIQUEZ)."

Defendant ENRIQUEZ asserts there was a miscommunication. Rather, he was trying to relay to his father a concern that either law enforcement or the recipient of a future comment may overreact and someone might get hurt.  For his part, his father also now believes that he misunderstood what his son was trying to communicate. When he had shared with his son the reaction of his family after they read the email that led to these charges, his son was overwhelmed by grief. In his conversation with probation, Jacob's father overstated how he felt emotionally to help her understand his son's need for medical care immediately upon his release.

All parties believe treatment as soon as possible is the best option.

Respectfully Submitted,

Dated: January 24, 2025

/s Keith H. Rutman
KEITH H. RUTMAN
Attorney for Defendant
JACOB DOMINIC ENRIQUEZ
Email: krutman@krutmanlaw.com

---

arrest through October 18, 2024. On that date, he was returned to El Centro GEO and since then has received cognitive behavioral therapy.

| | |
|---|---|
| **From:** | Jessica Pineda |
| **To:** | Keith Rutman |
| **Cc:** | Maria Ruiz; Sylvia Bazan |
| **Subject:** | Appointment Confirmation |
| **Date:** | Friday, January 24, 2025 1:47:35 PM |
| **Attachments:** | image001.png |
| | Dr Badre report.pdf |
| **Importance:** | High |

Good afternoon Mr. Rutman,

I am writing to inform you that Mr. Enriquez's appointment has been scheduled for **February 3, 2025, at 10:00 AM**. He is required to arrive **30 minutes prior**, so his expected arrival time is **9:30 AM**.
The appointment is with Behavioral Health Therapist **Yesenia Valdivia** at the following location: **202 N. 8th Street, Casa Serena**. First door located on the east side of the three-story building.

Should any additional arrangements need to be made, please feel free to contact the clinic, Ms. Ruiz, or myself. The direct extension to the clinic is **442-265-1533**.

Thank you, and please let us know if you have any further questions.

Jessica Pineda, MS
Behavioral Health Manager
Imperial County Behavioral Health Services (ICBHS)
Mental Health Triage & Engagement Services
801 Broadway Street, El Centro, CA 92243
Phone: (442) 265- 7935
Email: jessicapineda@co.imperial.ca.us



This email has been scanned for spam and viruses. Click here to report this email as spam.

January 22, 2025

Honorable Cathy Ann Bencivengo
U. S District Judge

Reference: Jacob Dominic Enriquez

Your Honor:

My name is Erika Enriquez, and I'm writing this letter, Your Honor, to communicate what type of person my husband Jacob Enriquez has been during our 10-year-old marriage.

We met 14 years ago through friends in common. He was Psychology senior at SDSU, and I was a psychology graduate from UABC and 11-year worker of Baja Government. From the beginning he showed interest and commitment wanting to meet my family and friends, likewise, he introduced me to his family and relatives, inviting me to several celebrations with them such as birthdays, Thanksgiving and Christmas. He was loving, good-hearted and respectful. We had beautiful trips by ourselves as well with his family. After 3 years of romantic relationship, he

proposed to me and I accepted, and on September 04, 2014, we got married in El Centro, California, celebrating our wedding surrounded by family members and friends.

During our marriage, Jacob has been a good husband and provider, covering our essential needs, as well our health and well-being, always supporting my education and passion to learn, and taking care of me whenever I was sick. He is a family man, always faithful, besides funny, and romantic, trying his best to cover our house bills, cars' maintenance, buy groceries, taking care of our pets, and enjoying making barbecues for us and our relatives. We used to attend Calvary Chapel services on Sundays, and sometimes he offered free maintenance to their building. Also, on holidays, Jacob used to enjoy social services such as donating clothing or volunteering at the Salvation Army or buying hamburgers to share with homeless.

During his time in El Centro Detention Facility, Jacob has expressed to me he regrets profoundly what he did, and he feels deeply sorry for all people affected, for that reason I'm requesting leniency on behalf of my husband Jacob Enriquez, because I believe he deserves a second chance, so he can recover and become a better man, for the best of our community.
Thank you for your time and consideration.

Sincerely, his wife,

Erika Enriquez

# Our Lady of the Valley Parish

January 2, 2025

Honorable Cathy Ann Bencivengo

U. S District Judge

Reference: Jacob Dominic Enriquez

I am Jacob's father, and he lived in our home until he left in his early 20's. But we, my wife and I have been supportive in many ways these many years. Jacob in his teens was showing serious mental illness. We had him on regular visits with Psychiatrist Dr Bernardo Ng and Psychologist Bapsi Slali throughout his High School years. Jacob was also medicated those years. Unfortunately when he turned 18 we were no longer or could be involved in his care. Yet Jacob was involved in his studies at San Diego State, was active in friendships and family gatherings. As the years went by he was successful in obtaining his Bachelors of Arts degree in Psychology. His effort to study and accomplish the needed school work was easy for him, he has always been very interested in learning. He would later struggle to stay employed, his mental state had become a big issue. Currently Jacob resides in our previous home a two bedroom house which is comfortable. We have maintained it for him to avoid him becoming homeless, my wife and I have vowed he will never be homeless.

795 S. La Brucherie Road, El Centro, California 92243   |   153 E. Brighton Ave., El Centro, California 92243

# Our Lady of the Valley Parish

Judge I plead for leniency on his behalf, Jacob in our personal conversation is very remorseful and this episode of stupidity is directly connected to his mental illness. I truly believe if Jacob is told by you to get the care needed for his mental health he would do it. His time spent incarcerated has had a major impact on the repercussions and heart felt remorse which has seized him the absolute need of getting the necessary care to avoid this ever from occurring again. If the care is granted he can get a job and be productive. Jacob needs help not more punishment. Jacob has a very large and caring family and with the support of his family we will assure he stays on track.

Any questions please let me know.
Peace,
Deacon Domingo Enriquez
deacondomingo@elcentrocatholic.org

To The Honorable US District Court

I address the letter on behalf of Jacob Enriquez, who is undergoing prosecution for serious charges of making threats electronically to private persons including those who are trusted peace officers. I have personal knowledge and life time insight into Mr. Enrique's life.

As a former Peace Officer, Officer of the Court and Correctional Administrator, the magnitude of the charges cannot be ignored nor dismissed. The gravity of the action and potential for harm and damages created along with other criminological factors should be carefully considered to appropriately render a fair and appropriate sentence.

I implore the Court to consider all the relevant personal factors in this case and weigh them accordingly.  I recognize the reckless, vivid and random threats made to respectful individuals that protect our society are aggravating as there were no apparent nexus to the defendant thus subjecting the victim to vulnerability as to believe the validity of the threats.

Personal specific threats to officers that uphold the law and their family is aggravating in that the victim's vulnerability is amplified by their public accessibility.

Our society has been overcome with the fear of threatening actions and terrorism thus deterrence must be a serious consideration in judgment. Our society strives to ensure our citizens are safe and free from harassment and threat of harm.

There are, however, distinct and overwhelming mitigating circumstances which requires insightful, intelligent judicial consideration. Utilizing the most modern of approaches applied in the criminal justice system throughout the nation including evidence-based practice and Criminological Risk and Needs factors to assist the professionals in rendering a just sentence.

Mitigation Factors include:

-The lack of any criminal or juvenile history or involvement.

-Married and college educated.

-The lack of criminal sophistication.

-The obvious illogical threats and inability to carry out actions depict strong evidence of other disjointed    unsophistication, almost juvenile in nature.

-The most relevant is the diagnosed mental illness diagnosis is most compelling mitigating factor and   apparent cause for such bizarre actions.

Mr. Enriquez has a history of mental issues which unfortunately were ignored and unattended by the defendant which ultimately manifested in this criminal case. His problems are rooted with his need for mental health assistance not criminal justice intervention, particularly incarceration which is used as last resort for mentally ill offenders. Unfortunately jail and prisons exacerbate the illness and do nothing towards minimizing risk at the end of the incarceration period. Meaningful appropriate justice administration in this case would be the mandating of mental health services, intervention and close monitoring of compliance.  Mr. Enriquez ignored his illness and unfortunately lead him to decompensation and false manifestation of fear and paranoia.

It is my professional opinion, supported by the intimate personal knowledge of the defendant, that the court strongly structure a probation supervision plan based on psychological treatment and mental health services to assist the defendant to become a social productive, well balanced contributing member of society. This approach greatly minimizes future and present threats to society and further permanent contamination that the criminal justice system inflicts individuals with predominate sociological and psychological issues.

I submit the aforementioned letter with complete respect due the Court with aspiration it can be a tool for the court to render a fair and appropriate sentence. I appreciate your consideration and would be more than willing to explain or clarify any information contained within or outside.

Respectfully;

Benny G. Benavidez

Former Chief Probation Officer

Parole Administrator

Correctional Administrator CDCR

Advisory Board Member of Imperial County Advisory Board (Past Chair)

Governing Board Member of California Association of Local Boards and Commissions (Past President)

January 11, 2025

To The Hon. Cathy Ann Vencivengo:

This letter is to account for the character and reflection of Jacob Enriquez. Jacob is my cousin, five years my junior, and I have been close with him his whole life. It has been my pleasure to spend time growing up with him and watching him grow into the man he is today. He is a smart young man, a B.A. recipient, with great potential in life.

Covid – and the isolation it imposed – was very detrimental to his social well-being, accentuating his occasional lack of clear thinking. Though covid was over at the time of Jacob's arrest, the damage had been done. He's very remorseful, expressing to me personally how truly regretful he is. He's looking forward to spending time with his wife and family, something that he had lost sight of.

As a law enforcement officer of 18 years with the state of California, I have seen my fair share of remorseful individuals, and in my professional opinion his regret is genuine.

Jacob has always been a caring husband, a loving grandson, and friend to my own children.

Though Jacob has a sparse employment history, he has a BA from San Diego State University, with every potential to accomplish anything he sets his mind and dedication to.

I think Jacob is very remorseful for what he did. I feel he is truly sorry, and that he would thrive at home with his family rather than incarcerated. Though facing a sentence of up to 15 years, the past eight months have been sufficient, thorough, and invaluable in his remorse and personal growth.

Respectfully,

David Benavidez

**Nicolas Benavidez**

**January 8, 2025**

**Honorable Cathy Ann Bencivengo**
U.S. District Judge

Dear Honorable Judge Bencivengo,

I am writing to you as both Jacob Enriquez's uncle and godfather, and someone who has witnessed his upbringing and spiritual growth throughout his life. I have had the privilege of observing Jacob not only in person but also in terms of his moral and spiritual development, both of which play an important part in the basis for this letter.

Jacob was raised in a close-knit family with over 30 members, including cousins, who lived in the same community. Our family shared countless get-togethers, holidays, and special occasions, fostering a strong sense of unity and support. Many of his uncles and cousins, including myself, work in public safety, with roles in law enforcement or firefighting, which contributed to shaping Jacob's understanding of duty, respect, and responsibility. Through these regular family gatherings, I had the opportunity to observe Jacob's growth and development over the years.

Jacob has always been a fun, loving, and caring nephew and cousin to my daughters. I can attest to the fact that his immediate family provided a nurturing environment filled with love and care, one that far exceeded the standard experience for most children. Throughout his upbringing, Jacob demonstrated the qualities of a considerate and respectful young man.

In addition to his family life, Jacob excelled in his faith. I had the honor of watching him complete the requirements for all his sacraments as a Catholic. We attended several overnight spiritual retreats together during his formative years, and I observed firsthand how easily he connected with others and formed friendships. His social nature and ability to engage with peers were evident. Jacob also showed a keen interest in public speaking and acting, and he became involved in local theatre programs, where he was regularly chosen for lead roles.

I can affirm that during all the years I've known Jacob, I never once saw him act violently or aggressively. In fact, he was quite the opposite—gentle, compassionate, and understanding.

As Jacob entered adulthood, I noticed a significant change in his demeanor. He began to withdraw socially, becoming more isolated and reclusive. While I cannot pinpoint a specific event that caused this shift in his behavior, I observed that it seemed to affect him deeply. Despite this change, I was still shocked when I learned of Jacob's arrest. It was a complete surprise to me, as well as to our entire family.

During my recent visits to Jacob while he has been incarcerated, I have found him to be remorseful and regretful for his actions. His demeanor during these visits suggests that he fully understands the impact of his mistakes and feels genuine remorse. Jacob has admitted to making a mistake and is aware of the gravity of his actions.

I believe that Jacob has the potential to successfully reintegrate into society and contribute meaningfully, despite the offense he has committed. I also feel it would greatly benefit him to receive appropriate mental health care, possibly through medication and a regular monitoring program, which could help him manage his mental well-being.

Your Honor, I strongly believe that keeping Jacob incarcerated for any longer would serve minimal benefit. I respectfully ask that you consider alternative measures, including his potential release with appropriate supervision and mental health support. I have seen the goodness in Jacob and the positive qualities he has exhibited throughout his life. I am confident that, with the right guidance, he can lead a successful and fulfilling life outside of incarceration.

Thank you for considering this letter. I trust that you will weigh Jacob's potential for rehabilitation and the positive contributions he can make in the future when making your decision.

Sincerely,

Nicolas Benavidez
Retired Police Officer

January 10, 2025

Honorable Judge Cathy Ann Bencivengo
U. S. District Court Judge

RE: Jacob Dominic Enriquez

Honorable Judge Cathy Ann Bencivengo:

As Jacob D. Enriquez's mom, I am writing this letter to attest Jacob's character. Jacob was my first born. He has a younger brother, Daniel. Growing up Jacob was a happy child. He always had his extended family around him during his younger years. We are a close net family.

When Jacob was in the eighth grade, we saw a change taking place in his personality. He became withdrawn and depressed. We decided to seek help for him so we could determine what was transpiring. Throughout Jacob's high school years, he was on medication and seeing a psychologist and psychiatrist. He graduated with his class. After his high school graduation Jacob obtained employment in retail for two years.

He then decided he wanted to pursue his education. He attended Imperial Valley College receiving his AA in psychology. He furthered his education by attending San Diego State University and received his BA in Psychology. Jacob is extremely intelligent, very inquisitive and reads a lot.

Once Jacob reached the age of 18, we were no longer involved in his medical issue and could not receive updates on his prognosis. He stopped taking his medication to help him with his chemical imbalance. When Jacob was in his 20's, he took it upon himself to see a psychologist for about five years but was never medicated.

It was during COVID, that Jacob went into isolation. He took it to the extreme. Once things began to go back to normal, Jacob continued his isolation, from everyone. Only forms of communication were either by phone or text. This was very detrimental to his mental state of mind. Jacob has never been violent and has never had any prior criminal history.

Jacob has been incarcerated for eight months for making threats to someone he did not even know. Being incarcerated has given Jacob ample time to reflect on his action. I can attest that Jacob is remorseful for his action and did not realize what damage he did. Being incarcerated opened a new world to him in which as his mother knows that he will not

attempt to do anything illegal because now he knows the consequences. I believe Jacob has learned a valuable lesson.

If released, I am in hopes that the court will set specific court orders that he has to receive psychological help. Seeing a psychiatrist and psychologist to help him work out his mental issues. I believe once he receives the care that he needs, he will be able to find employment and be productive. Jacob needs treatment. He does not need to be incarcerated. With his immediate and along with his extended family, he has the support that we can attest that Jacob becomes productive in society.

If I can be of any further assistance, please contact me.

Blessings,


Sandra Enriquez